# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

JANNA ROBIN §
§
v. § Civil Action No. 4:16-CV-00576
§ Judge Mazzant
CITY OF FRISCO, TEXAS, GREG WARD, §
JOHN BRUCE, LAUREN SAFRANEK, §
GEORGE PUREFOY, AMY SMITH §

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendants' Motion for Leave for Extension of Time to File Defendant's Final Amended Pleadings (Dkt. #25) and Defendants' Motion for Leave to File their Final Amended Answer, Affirmative Defenses, and Jury Demand in Response to Plaintiff's First Amended Complaint (Dkt. #26). Having considered the pleadings, the Court finds Defendants' Motion for Leave to File their Final Amended Answer, Affirmative Defenses, and Jury Demand in Response to Plaintiff's First Amended Complaint (Dkt. #26) should be granted. Defendants' Motion for Leave for Extension of Time to File Defendant's Final Amended Pleadings (Dkt. #25) is denied as moot.

### BACKGROUND

On June 22, 2016, Plaintiff Janna Robin filed suit in the 401st Judicial District Court of Collin County, Texas against the City of Frisco, Texas, Amy Smith, Greg Ward, John Bruce, Lauren Safranek, and George Purefoy (Dkt. #1, Plaintiff's Original Petition). On August 1, 2016, the City of Frisco filed an original answer and affirmative defenses in state court (Dkt. #3). On August 3, 2016, the City of Frisco removed the case to the Court (Dkt. #1).

On September 9, 2016, Plaintiff filed a First Amended Complaint (Dkt. #11). On October 21, 2016, Defendants filed a Rule 12(e) Motion for More Definite Statement and Rule

12(b)(6) Motion to Dismiss (Dkt. #18). On April 5, 2017, the Court denied Defendants' motion (Dkt. #23). Defendants' deadline to answer Plaintiff's First Amended Complaint was April 19, 2017—fourteen days after the Court denied Defendants' motion. *See* Fed. R. Civ. P. 12(a)(4) ("if the court denies [a Rule 12] motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action").

On May 24, 2017, Defendants filed a motion for leave for extension of time to file their final amended pleadings (Dkt. #25). On June 8, 2017, Plaintiff filed a response (Dkt. #28).

On May 25, 2017, Defendants filed a motion for leave to file their final amended answer, affirmative defenses, and jury demand in response to Plaintiff's first amended complaint (Dkt. #26). On June 8, 2017, Plaintiff filed a response (Dkt. #29). On June 12, 2017, Defendants filed a reply (Dkt. #30).

## LEGAL STANDARD

Federal Rule of Civil Procedure 6(b)(1)(B) ("Rule 6(b)(1)(B)") provides the standard that controls the granting of an extension to file a responsive pleading after the deadline to answer has already expired. Rule 6(b)(1)(B) states "the court may, for good cause, extend the time [to answer] on motion made after the time has expired if the party failed to act because of excusable neglect." F. R. Civ. P. 6(b)(1)(B).

"Rule 6(b)(1)(B)'s requirements are quite flexible, and [a] district judge enjoys broad discretion to grant or deny an extension." *Mattress Giant Corp. v. Motor Advert. & Design Inc.*, No. CIV.A.3:07CV1728-D, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008) (citing 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165, at 532–29 (3d ed. 2002)). "Excusable neglect is intended and has proven to be quite elastic in its application. In essence it is an equitable concept that must take account of all relevant circumstances of the party's

failure to act within the required time." *Id.* (citations omitted). Excusable neglect "encompasses late filings . . . due to mistake, inadvertence or carelessness and not to bad faith" *Id.* (citations and quotations omitted). In deciding whether to grant relief under Rule 6(b)(1)(B), courts also consider the length of delay and prejudice to other parties. *Id.*

**ANALYSIS**

Defendants' deadline to answer the First Amended Complaint was April 19, 2017. Defendants did not seek leave to file their amended answer, affirmative defenses and jury demand until May 25, 2017, or thirty-six days after the deadline to answer. Defendants argue they were unable to answer the First Amended Complaint because the Court's scheduling order set the amended pleadings deadline for February 20, 2017, and the Court did not rule on Defendants' motion to dismiss until April 5, 2017 (Dkt. #17). This argument is without merit.

The Court's scheduling order addresses *amended* pleadings. Here, Defendants' filed a Rule 12 motion and were not required to file an answer to the First Amended Complaint until fourteen days after the Court's ruling on their Rule 12 motion. The scheduling order's deadline for amended pleadings has no bearing on Defendants' deadline to file their responsive pleadings to the First Amended Complaint. Defendants did not file their answer and affirmative defenses to the First Amended Complaint within fourteen days of the Court's order denying their Rule 12 motion, and therefore did not timely respond.

However, Defendants request that the Court extend the deadline to file their answer and affirmative defenses pursuant to Rule 6(b)(1)(B) (Dkt. #26 at p. 3). Plaintiff argues that Defendants have not met their burden of proof to show they did not respond due to excusable neglect. Plaintiff also argues she will be prejudiced if Defendants are permitted to respond because

3

she did not serve discovery requests inquiring about the denials or defenses Defendants now seek to raise (Dkt. #29 at p. 7).

The Court has broad discretion to grant or deny an extension under Rule 6(b)(1)(B). The Court finds that Defendants misunderstood the scheduling order and their requirements under the Federal Rules of Civil Procedure, and did not answer due to inadvertence or carelessness. The Court therefore grants Defendants' motion for an extension of time to file responsive pleadings. Plaintiff may serve amended discovery requests following Defendants filing of their responsive pleading.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for Leave to File their Final Amended Answer, Affirmative Defenses, and Jury Demand in Response to Plaintiff's First Amended Complaint (Dkt. #26) is hereby **GRANTED**. It is further **ORDERED** that Defendants' Motion for Leave for Extension of Time to File Defendant's Final Amended Pleadings (Dkt. #25) is **DENIED AS MOOT**.

SIGNED this 13th day of July, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE