# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JANNA ROBIN § | |
| § | |
| v. § | Civil Action No. 4:16-CV-00576 |
| § | Judge Mazzant |
| CITY OF FRISCO, TEXAS, AMY SMITH, § | |
| GREG WARD, JOHN BRUCE, LAUREN § | |
| SAFRANEK, and GEORGE PUREFOY § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Second Motion to Dismiss (Dkt. #57). Having considered the relevant pleadings and motion, the Court finds the motion should be granted.

### BACKGROUND

This suit arises out of Plaintiff Janna Robin's employment (and ultimate termination) as a detention officer for Defendant, the City of Frisco, Texas (the "City"). On June 22, 2016, Plaintiff sued Defendants in state court alleging race and gender discrimination, harassment, hostile work environment, and retaliation in violation of state and federal law. On August 3, 2016, Defendants removed this action based upon federal question jurisdiction (Dkt. #1). On September 6, 2016, Plaintiff filed an amended complaint (Dkt. #11).

On April 5, 2017, the Court issued an Order denying Defendants' motion to dismiss (Dkt. #23).[1] On November 15, 2017, the Court issued a Memorandum Opinion and Order (the "Order") granting in part and denying in part Defendants' motion for summary judgment (Dkt. #49). The Court granted Defendants' motion as to all of Plaintiff's claims except her claims for (1) Title VII retaliation, (2) § 1981 and § 1983 retaliation against Defendant Smith in her

---

[1] The Court summarily denied the motion, finding Plaintiff stated plausible claims to survive a Rule 12(b)(6) motion to dismiss.

individual capacity for issuing the PIP and negative performance review, (3) civil conspiracy, (4) aiding and abetting, and (5) declaratory and injunctive relief.

On November 27, 2017, Defendants filed this Motion to Dismiss, seeking to dismiss Plaintiff's conspiracy and aiding-and-abetting claims for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) (Dkt. #57). On December 11, 2017, Plaintiff filed a response (Dkt. #59). On December 14, 2017, Defendants filed a reply (Dkt. #63). On December 21, 2017, Plaintiff filed a sur-reply (Dkt. #65).

## LEGAL STANDARD

"Governmental immunity exists to protect the State and its political subdivisions from lawsuits and liability for money damages and defeats a court's subject matter jurisdiction." *Quinn v. Guerrero*, 2016 WL 4529959, at *1 (E.D. Tex. Aug. 9, 2016), *report and recommendation adopted*, 2016 WL 4508227 (E.D. Tex. Aug. 28, 2016), *aff'd,* 863 F.3d 353 (5th Cir. 2017). Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept as true all well-pleaded allegations set forth in the

complaint and construe those allegations in the light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane*, 529 F.3d at 557.

## ANALYSIS

As a preliminary matter, at the Final Pretrial Conference held on December 15, 2017, Plaintiff's counsel raised the issue that the Court's Order on Defendants' Motion for Summary Judgment was unclear as to whether her state law workplace retaliation claims survived. The Court's Order denied Defendants' summary judgment as to Plaintiff's claim for Title VII retaliation (Dkt. #49 at p. 14–20). To clarify, the Court finds denial of summary judgement is proper as to Plaintiff's state law retaliation claims because the City is not entitled to governmental immunity.

The Texas Commission on Human Rights Act ("TCHRA") was enacted by the Texas Legislature in 1993 and amended in 1995. Among its objectives are to:

> (1) provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments; . . .
> (4) secure for persons in this state, including persons with disabilities, freedom from discrimination in certain employment transactions, in order to protect their personal dignity; . . .
> (5) make available to the state the full productive capacities of persons in this state; . . . and
> (8) promote the interests, rights, and privileges of persons in this state.

*See* TEX. LAB. CODE ANN. § 21.001. The Act prohibits an employer from retaliating against a person who "(2) makes or files a charge" or "(3) files a complaint." TEX. LAB. CODE ANN.

3

§ 21.055. The purpose of the TCHRA is to coordinate state law with federal law in the area of employment discrimination. TEX. LAB. CODE ANN. §§ 21.001–21.556; *Vielma v. Eureka Co.*, 218 F.3d 458, 462 (5th Cir. 2000); *see also Machinchick v. PB Power, Inc.,* 398 F.3d 345, 356 (5th Cir. 2005) (observing there was "no meaningful distinction" between analysis under Title VII and the TCHRA).

Governmental immunity under the Texas Tort Claims Act ("TTCA") is unavailable to the City as to this claim. "[T]he law is settled that the TCHRA clearly and unambiguously waives governmental immunity for the governmental entities that are statutorily defined as employers." *See Dallas Fort Worth Int'l Airport Bd. v. Funderburk,* 188 S.W.3d 233, 235 (Tex. App.—Fort Worth 2006, pet. granted, judgmt vacated w.r.m.). The TCHRA specifically defines "employer" to include "counties" for the purposes of that statute. TEX. LAB. CODE ANN. § 21.002(8)(D) ("'Employer' means: a county, municipality, state agency, or state instrumentality"). Thus, the Legislature has indicated its intent to waive sovereign immunity by expressly including governmental entities within the scope of "employer." *See Sauls v. Montgomery Cty.,* 18 S.W.3d 310, 315 (Tex. App.—Beaumont 2000, no pet.) ("The Legislature has, in clear and unambiguous language, waived sovereign immunity against public officials and governmental entities defined by the act to be employers.").

Therefore, the City is not entitled to governmental immunity, and summary judgment is denied as to Plaintiff's state law claim for retaliation against the City. However, similar to claims under Title VII, this claim is inapplicable to the Individual Defendants because they are not considered "employers" as defined by the statute.

Turning to Defendants' motion to dismiss the state law conspiracy and aiding-and-abetting claims, Defendants assert that the City cannot be held liable for Plaintiff's state law claims as they

are all intentional torts, and the City has not waived sovereign immunity for intentional torts. Plaintiff argues that, in fact, "Plaintiff did not file suit based on the limited waiver of sovereign immunity contained in the TTCA. Plaintiff's surviving claims for retaliation are based on the waiver of sovereign immunity in anti-retaliation laws." (Dkt. #59 at p. 7).

The Court finds that the City and the Individual Defendants are entitled to governmental immunity as to Plaintiff's state law conspiracy and aiding-and-abetting claims. The Court recognizes that the underlying *issue* in the conspiracy and aiding-and-abetting claims is based on workplace retaliation, which is governed by the TCHRA's anti-retaliation laws and may provide a waiver of immunity. However, pleading a civil conspiracy is a separate cause of action, which is governed by the TTCA. *TCI W. End, Inc. v. City of Dallas*, 274 S.W.3d 913, 921 (Tex. App.—Dallas 2008, no pet.).[2]

Under the TTCA, sovereign immunity or governmental immunity means that the State may not be sued in tort, and the State is protected from vicarious liability for the tortious acts of its agents or employees acting in the scope of their employment. *Davis v. City of Palestine,* 988 S.W.2d 854, 857 (Tex. App.—Tyler 1999, no writ). Thus, the State and other governmental entities are immune from liability unless liability is waived by a constitutional or legislative provision. *Univ. of Tex. Med. Branch v. York,* 871 S.W.2d 175, 177 (Tex.1994).

Section 101.057 of the TTCA, provides the exception to the waiver, which states that "[t]his chapter does not apply to a claim . . . arising out of assault, battery, false imprisonment, or any other intentional tort." Tex. Civ. Prac. & Rem. Code § 101.057. Plaintiff's claims for

---

[2]Plaintiff also asserts that her conspiracy and aid-and-abetting claims should survive and cites case law for the proposition that a plaintiff can plead plausible claims for conspiracy to violate the anti-retaliation statute. Although Plaintiff's conspiracy and aiding-and-abetting claims "could have been brought" regardless of whether the TTCA waives immunity, they are nevertheless barred by the TTCA's exception to waiver under Section 101.057. *See Tipps v. McCraw*, 945 F. Supp. 2d 761, 767 (W.D. Tex. 2013).

5

conspiracy and aiding-and-abetting are both intentional torts. Thus, under Section 101.057, the City is immune from suit for these intentional torts.

As to the Individual Defendants, to the extent Plaintiff asserts her claims against them in their official capacities, these claims are treated as asserted against the governmental entity and likewise fall within the exception to the Act's waiver of sovereign immunity. *See Mason v. Lafayette City-Parish Consol. Gov't*, 806 F.3d 268, 279–80 (5th Cir. 2015)

Plaintiff also asserts these claims against the Individual Defendants in their individual capacity. The TTCA does not provide for recovery against individuals employed by the state acting within the scope of their employment. *Aguilar v. Chastain,* 923 S.W.2d 740, 744 (Tex. App.—Tyler 1996, writ denied); *see Tipps v. McCraw*, 945 F. Supp. 2d 761, 767 (W.D. Tex. 2013) ("[Section] 101.106(f) protects employees even in their individual capacities, as the Texas Supreme Court clarified in its recent opinion *Franka v. Velasquez,* 332 S.W.3d 367 (Tex. 2011). The court held that § 101.106 'foreclose[s] suit against a government employee in his individual capacity if he was acting within the scope of employment.'") (quoting *Franka*, 332 S.W.3d at 381). Furthermore, when a suit involving the same subject matter is filed against both a government entity and any of its employees, "the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem. Code § 101.106(e).

Therefore, the Individual Defendants are entitled to derivative immunity from Plaintiff's state law conspiracy and aiding-and-abetting claims because Plaintiff has asserted those tort claims against the City on the same matter as the claims made against them. *Id*.

**CONCLUSION**

It is therefore **ORDERED** that Plaintiff may proceed to trial on her state law retaliation claims under the TCHRA as against the City.

It is further **ORDERED** that Defendants' Motion to Dismiss (Dkt. #57) is hereby **GRANTED** and Plaintiff's state law conspiracy and aiding-and-abetting claims are **DISMISSED** with prejudice.

**IT IS SO ORDERED**.

SIGNED this 4th day of January, 2018.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE